IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VELOCITY MANUFACTURING COMPANY, L.L.C. d/b/a FORT SCOTT MUNITIONS<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE infringer,<br>whose true name is unknown<br><br>　　　　　　Defendant. | Case No. 2:20-cv-2637 |

## COMPLAINT

Plaintiff Velocity Manufacturing Company, L.L.C. d/b/a Fort Scott Munitions ("FSM") alleges against defendant John Doe infringer, whose true name is unknown ("John Doe" or "Defendant"), as set forth below.

## THE PARTIES

1.　FSM is a Kansas limited liability company with a principal place of business at 2401 Cooper Street, Fort Scott, Kansas 66701.

2.　John Doe infringer, whose true name is unknown, will be identified through discovery, and FSM will then amend its Complaint as appropriate.

## JURISDICTION AND VENUE

3.　This action arises under the trademark laws, 15 U.S.C. §§ 1051 et seq. (the "Lanham Act").

4.　This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

1

5. It is believed that Defendant is subject to personal jurisdiction in this District and subject to this Court's specific and general jurisdiction, pursuant to due process, at least on the ground that FSM believes that Defendant has committed acts of trademark infringement in this District.

6. It is believed that venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because FSM believes that the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

7. FSM is a leading manufacturer of ammunition and has invested significant resources in developing, patenting, and marketing its innovative products.

8. FSM has been offering goods for sale under the trademark FORT SCOTT MUNITIONS (the "Mark") since at least as early as 2014. The Mark is protected under the common law and is also registered with the United States Patent and Trademark Office (registration number 6066216), giving FSM the exclusive right to use the Mark.

9. The Mark is in full force and effect. A true and correct copy of the federal trademark registration certificate for the Mark is attached hereto as Exhibit A.

10. FSM has invested significant time, energy, and money into developing high quality goods that have achieved wide-spread recognition among consumers, and has further spent significant resources advertising, promoting, and selling such goods under the Mark such that the Mark has secondary meaning.

11. As part of FSM's marketing efforts, FSM authors valuable artistic works through its employees ("Artistic Works") and uses such Artistic Works to

engage with current and potential customers – for example, by posting such Artistic Works on FSM's Instagram account (https://www.instagram.com/fortscottmunitions/). FSM owns all right, title, and interest in the Artistic Works, and many of the posts on FSM's Instagram account incorporate the Mark to advertise its products.

12. On or around December 11, 2020, Defendant registered the Instagram account https://www.instagram.com/forttscottmunitions/ ("Defendant's Instagram Account"), which has an Instagram handle, and resulting URL, that is identical to that of FSM's Instagram page except for misspelling "fort" as "fortt," *i.e.*, forttscottmunitions (the "Infringing Handle"). Information about the individual behind Defendant's Instagram Account is currently unavailable.

13. On or around December 11, 2020, without FSM's permission, Defendant copied and distributed the Artistic Works by publishing the Artistic Works on Defendant's Instagram Account.

14. As a result of copying and distributing the Artistic Works on Defendant's Instagram Account using the Infringing Handle, Defendant has promoted, offered for sale, and/or sold various products under an identical copy of the Mark, and a nearly identical copy of the Mark, without license, authority, or other permission from FSM.

15. Upon information and belief, at the time Defendant registered Defendant's Instagram Account, Defendant was well aware of FSM's long-standing and exclusive rights in the Mark.

16. Upon information and belief, Defendant promoted goods under the Mark despite having actual and specific knowledge of FSM's exclusive rights in the Mark.

17. Defendant's motive in copying and distributing the Artistic Works utilizing the Mark and registering an Instagram account using the Infringing Handle was to pass itself off as FSM and tarnish FSM's reputation and the value of FSM's intellectual property.

18. Defendant's conduct is willful and intentional and represents a complete disregard for FSM's rights in the Mark.

19. Defendant's conduct is likely to cause, and upon information and belief has caused, consumers to believe mistakenly that the products advertised on Defendant's Instagram Account are either affiliated with, endorsed or authorized by, or are otherwise connected to FSM.

## COUNT I
### (Trademark Infringement under Section 32 of the Lanham Act)

20. FSM incorporates by reference all previous allegations as though set forth fully here.

21. Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant, any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake, or deception.

22. The Mark has achieved secondary meaning and is federally registered by FSM, and FSM therefore has the exclusive right to use the mark in connection with the sale, offering for sale, distribution, or advertising of the relevant goods.

23. Defendant has used the Mark, as well as a colorable imitation of the Mark via the Infringing Handle, in connection with the promotion of relevant goods without FSM's consent or authorization. Defendant's use of the Mark and

the Infringing Handle deceived the public by leading the public to believe that Defendant was somehow associated with FSM.

24. Defendant's use of the Mark, as well the Infringing Handle, on Defendant's Instagram Account tarnished the good reputation of FSM, which has resulted in substantial and irreparable injury to the public and to FSM.

25. Defendant had actual and direct knowledge of FSM's exclusive ownership of the Mark. Defendant's conduct was therefore willful and reflects Defendant's intent to damage FSM's good reputation.

26. Defendant's acts constitute trademark infringement in violation of 15 U.S.C. § 1114.

27. As a direct and proximate result of Defendant's infringement of the Mark, FSM has suffered irreparable injury for which it has no adequate remedy at law and is thus damaged in an amount not yet determined.

## **PRAYER FOR RELIEF**

In light of the foregoing, plaintiff FSM respectfully prays for the following relief against Defendant:

A. A judgement that Defendant has violated Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a);

B. A permanent injunction enjoining Defendant and all persons acting in active concert or participation therewith from:

   i. using the Mark or any other reproduction, counterfeit, copy, or colorable imitation of the Mark on or in connection with any goods or services;

   ii. engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure FSM's business reputation,

                including through the continued advertisement of products using the Mark;

      iii.    using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Mark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, importation, circulation, or distribution of any products;  and

      iv.     engaging in any continued infringement of each of the Asserted Works;

    C.    An award of damages to which FSM is entitled under 15 U.S.C. § 1117(a);

    D.    An award of FSM's reasonable attorneys' fees and costs under 15 U.S.C. § 1117;

    E.    An assessment of interest, both pre- and post-judgment, on the damages awarded;

    F.    An award of costs incurred by FSM in bringing and prosecuting this action; and

    G.    Any other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), FSM hereby demands a jury trial on all issues so triable.

Dated: December 15, 2020 Respectfully submitted

By: /s/ A. Justin Poplin
A. Justin Poplin, KS 21598
Anna Quinn, KS 25981
Hissan Anis, KS 24503
Avant Law Group, LLC
12980 Metcalf, Ste. 180
Overland Park, KS 66213
Tel: 913.303.3840
JPoplin@Avant.Law
AQuinn@Avant.Law
HAnis@Avant.Law

Matthew Heffner, KS 21232
Sage Law LLP
12980 Metcalf, Ste. 500
Overland Park, KS 66213
Tel: 913.341.7800
MHeffner@Sage.Law